UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-mj-8385-WM

UNITED STATES OF AMERICA

v.

ERLIN CAMPUSANO-PEREZ,
RICHARD ARIAS-AGUASVIVAS,
ELVIS LUCIL-MEDINA,
TINO ANTONIO BROWN,
GILTON ERIC BAIN,
RAMONA MERCADO VASQUEZ,
JUAN VILLARREAL-BINNET,

        Defendants.

_____/



FILED BY_____SW____D.C.

**May 18, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   *s/ Justin Chapman*_____
       Justin Chapman
       Assistant United States Attorney
       FL Bar No. 85778
       Justin.chapman4@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

United States of America )
v. )
ERLIN CAMPUSANO-PEREZ, )
RICHARD ARIAS-AGUASVIVAS, )
ELVIS LUCIL-MEDINA, )
TINO ANTONIO BROWN, )
GILTON ERIC BAIN, )
RAMONA MERCADO VASQUEZ, )
JUAN VILLARREAL-BINNET )

FILED BY_____SW_____D.C.

**May 18, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

Case No. 26-mj-8385-WM

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____May 11, 2026_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Attempt to re-enter the United States unlawfully after deportation |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

SUTTON E YOUNG

Digitally signed by SUTTON E YOUNG
Date: 2026.05.18 08:46:04 -04'00'

*Complainant's signature*

Sutton Young, Special Agent HSI

*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by

Date: May 18, 2026

*William Matthewman*

*Judge's signature*

City and state: _____West Palm Beach, FL_____

Honorable William Matthewman, Chief United States Magistrate Judge

*Printed name and title*

**AFFIDAVIT**
**OF**
**SUTTON YOUNG**
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
**HOMELAND SECURITY INVESTIGATIONS**

I, Sutton Young, being duly sworn, depose and state as follows:

1.     Your affiant has been a Special Agent with Homeland Security Investigations (HSI), Department of Homeland Security (DHS) and has been employed by the U.S. Government since February 23, 2025. My primary duties are the investigation of violations of Titles 8, 18, 19, and 21 of the United States Code. As such, I have received specialized training in immigration laws, fraudulent schemes, alien smuggling, transporting narcotics, dangerous drugs, child exploitation, and other contraband prohibited by law. During my tenure as a Special Agent with HSI, I have gained this knowledge in both professional training and professional experience. Prior to becoming an HSI Special Agent I was an Officer with the United States Secret Service – Uniformed Division for approximately 4 years.

2.     This Affidavit is based upon my personal knowledge, as well as on information provided to me by other law enforcement officers and agencies. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not include everything I know about this investigation. Rather, I have included only those facts necessary to establish probable cause to believe that on or about May 11, 2026:

   a. Erlin CAMPUSANO-PEREZ (A# - A208144962) committed the offense of attempting to illegally reenter the United States after deportation or removal, in violation of Title 8, United States Code, Section 1326(a)(2).

1

b. Richard ARIAS-AGUASVIVAS (A# - A087625580) committed the offense of attempting to illegally reenter the United States after deportation or removal, in violation of Title 8, United States Code, Section 1326(a)(2).

c. Elvis LUCIL-MEDINA (A# - A076567476) committed the offense of attempting to illegally reenter the United States after deportation or removal, in violation of Title 8, United States Code, Section 1326(a)(2).

d. Tino Antonio BROWN (A# - A209879325) committed the offense of attempting to illegally reenter the United States after deportation or removal, in violation of Title 8, United States Code, Section 1326(a)(2).

e. Gilton Eric BAIN (A# - A210032951) committed the offense of attempting to illegally reenter the United States after deportation or removal, in violation of Title 8, United States Code, Section 1326(a)(2).

f. Ramona MERCADO VASQUEZ (A# - A046781434 committed the offense of attempting to illegally reenter the United States after deportation or removal, in violation of Title 8, United States Code, Section 1326(a)(2).

g. Juan VILLARREAL-BINNET (A# - A206869269) committed the offense of attempting to illegally reenter the United States after the deportation or removal, in violation of Title 8, United States Code, Section 1326(a).

3.      On or about May 11, 2026, HSI West Palm Beach (WPB) was notified by Customs & Border Protection (CBP) – Air & Marine Operations (AMO) Agents of a west bound target of interest (TOI) heading towards Palm Beach County from International Waters. The vessel was identified as a 1996 31' Avanti Cabin Cruiser

2

bearing Florida Registration: FL6746JM (TARGET VESSEL) by a CBP air asset Troy 308 (T308).

4.  At approximately 1630 HRS, a CBP air asset Troy 308 (T308) which had been tracking the TARGET VESSEL notified CBP marine units that the TARGET VESSEL later had crossed the 12 nautical mile line entering the Special Customs Territorial Waters of The United States. Additionally, at approximately 1710 HRS; CBP marine units M839 and M842 energized their law enforcement lights and sirens in an attempt to hail and stop the vessel for further inspection. The vessel complied and was stopped at position N26*50.2/W 079*52.0.; approximately 9 Nautical Miles east of the Lake Worth Inlet within Palm Beach County, Florida. The USCG – Cutter - MANOWAR then arrived on scene and assisted with the boarding of the vessel; in which the joint-vessel boarding of the TARGET VESSEL revealed 21 aliens on board who did not have proper documentation to enter the United States. All aliens on board were then transferred to the USCG Cutter – Raymond Evans for holding and biometric identification.

5.  Erlin CAMPUSANO-PEREZ (A# - A208144962) was one of the 21 aliens found aboard the TARGET VESSEL.  Biometrics, records and HSI database checks confirmed that CAMPUSANO-PEREZ is a native and citizen of the Dominican Republic. Records further show that on or about October 19, 2021, CAMPUSANO-PEREZ was ordered removed from the United States. The Order of Removal was executed on or about December 14, 2021, whereby CAMPUSANO-PEREZ was removed from the United States and returned to the Dominican Republic.

6.      A review of U.S. Immigration databases found no record that CAMPUSANO-PEREZ (A# - A298144962) had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, nor the Attorney General of the United States, to re-enter the United States. CAMPUSANO-PEREZ (A# - A298144962) was not in possession of any documents which would have authorized him to enter the United States legally.

7.      Richard ARIAS-AGUASVIVAS (A# - A087625580) was one of the 21 aliens found aboard the TARGET VESSEL.  Biometrics, records and HSI database checks confirmed that ARIAS-AGUASVIVAS is a native and citizen of the Dominican Republic. Records further show that on or about  September 16, 2010, ARIAS-AGUASVIVAS was ordered removed from the United States. The Order of Removal was executed on or about July 1, 2025, whereby ARIAS-AGUASVIVAS was removed from the United States and returned to the Dominican Republic.

6.      A review of U.S. Immigration databases found no record that ARIAS-AGUASVIVAS had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, nor the Attorney General of the United States, to re-enter the United States. ARIAS-AGUASVIVAS was not in possession of any documents which would have authorized him to enter the United States legally.

Elvis LUCIL-MEDINA (A# - A076567476) was one of the 21 aliens found aboard the TARGET VESSEL.  Biometrics, records and HSI database checks confirmed that LUCIL-MEDINA is a native and citizen of Venezuela. Records further show that on or about September 27, 2011, LUCIL-MEDINA was ordered removed from the United

4

States. The Order of Removal was executed on or about May 9, 2025, whereby LUCIL-MEDINA was removed from the United States and returned to Venezuela.

6.      A review of U.S. Immigration databases found no record that LUCIL-MEDINA had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, nor the Attorney General of the United States, to re-enter the United States. LUCIL-MEDINA was not in possession of any documents which would have authorized him to enter the United States legally.

Tino Antonio BROWN (A# - A209879325) was one of the 21 aliens found aboard the TARGET VESSEL.  Biometrics, records and HSI database checks confirmed that BROWN is a native and citizen of the Bahamas. Records further show that BROWN was removed from the United States to the Bahamas, on or about July 19, 2017. Additionally, BROWN was ordered removed from the United States on or about September 18, 2025. The most recent Order of Removal was executed on or about November 4, 2019, whereby BROWN was removed from the United States and returned to the Bahamas.

6.      A review of U.S. Immigration databases found no record that BROWN had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, nor the Attorney General of the United States, to re-enter the United States. BROWN was not in possession of any documents which would have authorized him to enter the United States legally.

Gilton Eric BAIN (A# - A210032951) was one of the 21 aliens found aboard the TARGET VESSEL.  Biometrics, records and HSI database checks confirmed that BAIN is a native and citizen of the Bahamas. Records further show that on or about February 6,

2025, BAIN was ordered removed from the United States. The Order of Removal was executed on or about May 26, 2025, whereby BAIN was removed from the United States and returned to Bahamas

6. A review of U.S. Immigration databases found no record that BAIN had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, nor the Attorney General of the United States, to re-enter the United States. BAIN was not in possession of any documents which would have authorized him to enter the United States legally.

7. Ramona MERCADO VASQUEZ (A# - A046781434) was one of the 21 aliens found aboard the TARGET VESSEL. Biometrics, records and HSI database checks confirmed that MERCADO VASQUEZ is a native and citizen of the Dominican Republic. Records further show that on or about December 1, 2025, MERCADO VASQUEZ was ordered removed from the United States. The Order of Removal was executed on or about December 10, 2025 whereby MERCADO VASQUEZ was removed from the United States and returned to the Dominican Republic.

6. A review of U.S. Immigration databases found no record that MERCADO VASQUEZ had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, nor the Attorney General of the United States, to re-enter the United States. MERCADO VASQUEZ was not in possession of any documents which would have authorized him to enter the United States legally.

10. Juan VILLARREAL-BINNET (A# - A206869269) was one of the 21 aliens found aboard the TARGET VESSEL. Biometrics, records and HSI database checks confirmed that VILLARREAL-BINNET is a native and citizen of the Dominican

Republic.   Records further show that on or about October 10, 2018, VILLARREAL-BINNET was ordered removed from the United States. The Order of Removal was executed on or about April 10, 2025, whereby VILLARREAL-BINNET was removed from the United States and returned to the Dominican Republic.

6.    A review of U.S. Immigration databases found no record that VILLARREAL-BINNET had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, nor the Attorney General of the United States, to re-enter the United States. VILLARREAL-BINNET was not in possession of any documents which would have authorized him to enter the United States legally.

SUTTON E YOUNG
Digitally signed by SUTTON E YOUNG
Date: 2026.05.18 08:47:25 -04'00'

Sutton Young
Special Agent
Homeland Security Investigations

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this __18th__ day of May, 2026.

HON. WILLIAM MATTHEWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendants' Names**:
ERLIN CAMPUSANO-PEREZ,
RICHARD ARIAS-AGUASVIVAS,
ELVIS LUCIL-MEDINA,
TINO ANTONIO BROWN,
GILTON ERIC BAIN,
RAMONA MERCADO VASQUEZ,
JUAN VILLARREAL-BINNET

**Case No**: 26-mj-8385-WM

Attempt to re-enter the United States unlawfully after deportation, 8 U.S.C. § 1326(a)

* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**